```
KENNETH J. TROIANO
ATTORNEY AT LAW
State Bar Number 134786
P.O. Box 33536
San Diego, California 92163-3536
(858) 268-8600
Email: troianosd@earthlink.net

Attorney for Defendant
SALVADOR CABANAS-GOMEZ
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HON. ROGER T. BENITEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case #: **08CR2510-BEN** |
| Plaintiff, | ) Date: **September 15, 2008** |
| | ) Time: **2:00 p.m.** |
| v. | ) |
| | ) **NOTICE OF MOTION AND** |
| SALVADOR CABANAS-GOMEZ (3), | ) **MOTIONS TO/FOR:** |
| | ) 1) **COMPEL DISCOVERY** and |
| Defendant. | ) 2) **FILE FURTHER MOTIONS** |

PLEASE TAKE NOTICE that on MONDAY, SEPTEMBER 15, 2008, at 2:00 p.m., the defendant, SALVADOR CABANAS-GOMEZ, by and through his counsel, KENNETH J. TROIANO, will bring the below listed motions.

## MOTIONS

The defendant, SALVADOR CABANAS-GOMEZ, hereby moves the Court pursuant to the Federal Rules of Criminal Procedure, the United States Constitution, and all other statutes and related case law, to/for:

1) Compel the government to provide discovery of any and all evidence that is discoverable under Rule 16(a)(1)(A)-(E), Brady v. Maryland, and Giglio v. United States;

2) Leave to file further motions based on discovery received.

Respectfully submitted,

Dated: AUGUST 28, 2008

s/Kenneth J. Troiano
Kenneth J. Troiano
Attorney for Defendant
SALVADOR CABANAS-GOMEZ

**Proof of Service**

I, Kenneth J. Troiano, declare as follows:

That I am a citizen of the United States and resident of the County of San Diego, State of California.

That I am over the age of 18 years and not a party to the within action.

That my business address is: 3200 Fourth Avenue, Suite 208, San Diego, California 92103, with a mailing address of P.O. Box 33536, San Diego, California 92163, telephone number: (858) 268-8600.

That on August 28, 2008, I caused to be filed in the United States District Court for the Southern District of California and served on respective counsel the Defendant's Notice of Motions and Motions 1) To Compel Discovery, 2) For Leave to File Further Motions, along with a Statement of Facts, Memorandum of Points and Authorities, and Exhibits in *United States v. Salvador Cabanas-Gomez, 08CR2510-BEN-03,* as follows:

1) U.S. District Court (E-File) (Additional Courtesy Copy Mailed)
2) Assistant U.S. Attorney Michelle M Pettit - michelle.pettit@usdoj.gov, Diana.Ortiz@usdoj.gov, efile.dkt.gc1@usdoj.gov
3) Maxine I Dobro - maxdobro@aol.com
4) Howard B Frank - hbfandjm@aol.com
5) John David Kirby - jkirby@johnkirbylaw.com, admin@johnkirbylaw.com
6) Neil R Trop - neiltroplaw@hotmail.com

I certify under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2008 at San Diego, California.

                                                    *s/Kenneth J. Troiano*
                                                    Kenneth J. Troiano
                                                    Declarant

KENNETH J. TROIANO
ATTORNEY AT LAW
State Bar Number 134786
P.O. Box 33536
San Diego, California 92163-3536
(858) 268-8600
Email: troianosd@earthlink.net

Attorney for Defendant
SALVADOR CABANAS-GOMEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. ROGER T. BENITEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case #: **08CR2510-BEN** |
| Plaintiff, | ) |
| v. | ) **STATEMENT OF FACTS AND** |
| | ) **MEMORANDUM OF POINTS AND** |
| SALVADOR CABANAS-GOMEZ (3), | ) **AUTHORITIES IN SUPPORT OF** |
| | ) **MOTION TO COMPEL DISCOVERY** |
| Defendant. | ) |

I.

**STATEMENT OF FACTS AND CASE**

SALVADOR CABANAS-GOMEZ has been charged in a twelve-count indictment with six counts each of: Bringing in an Illegal Alien For Purpose Of Commercial Advantage And Private Financial Gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) & 18 U.S.C. § 2 and Transporting an Illegal Alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & (v)(II) for each smuggled individual.

Count One alleges a date of July 8, 2008. Count Two alleges a date of July 9, 2008. Counts Three-Twelve alleges the date of July 10, 2008. The names of the persons allegedly smuggled by the defendants are:

Counts 1 & 2: Ivan Cervantes-Lavariega *aka* Ivan Cervantes-Cervantes

Counts 3 & 4: Filemon Jimenez-Nava

Counts 5 & 6: Gabriella Arreola-Gabriel

Counts 7 & 8: Tomas Vargas-Fabian

Counts 9 & 10: Gualterio Cruz-Fabian

Counts 11 & 12: Perla Correra-Renteria

Mr. Cabanas-Gomez is being held in custody in lieu of bail pending trial.

On August 19, 2008, the government made 218 pages of discovery available to the defendant. On August 26, 2008, an additional 53 pages were made available, along with 2 DVDs containing statements of the defendants and some of the witnesses.

Defense counsel is currently in the process of evaluating that discovery.

II.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  THE DEFENDANT HEREBY MOVES THE COURT TO COMPEL DISCOVERY PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND BRADY v. MARYLAND.**

The defendant moves for production by the government of the items listed below. This request is not limited to those items that the prosecutor personally knows of, but rather includes any and all discoverable items listed below that are in

the custody, control, care, or knowledge of the government or any "closely related investigative [or other] agencies", or the existence of which are known, or by the exercise of due diligence may become known, to the attorney for the government. United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

**(1) The Defendant's Statements** - Under Fed. R. Crim. P. 16 (a)(1)(A) the government must disclose to the defendant and make available for inspection, copying, or photographing:

- any written or recorded statements made by the defendant;
- that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and
- the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person known by the defendant to be a government agent if the government intends to use that statement at trial.

The Advisory Committee Notes, as well as the 1991 amendments to Rule 16, make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements in its case-in-chief or reserve their use for impeachment purposes.

Specifically, in the instant matter the defendant requests discovery of all of

his statements as defined by Rule 16, including those made in relation to any Miranda warnings that may have been given. See e.g., United States v. McElroy, 697 F.2d 459 (2d Cir. 1982).

This request is intended to include the rough notes of any agents who were involved in questioning Mr. Cabanas-Gomez. If his statement was exculpatory, then the notes would constitute Brady material. If his statement was incriminating and the government intended to use it at trial, then it is discoverable under Rule 16. In any event, the rough notes should be ordered preserved by the government. United States v. Harris, 543 F.2d 1247, 1251-53 (9th Cir. 1976); United States v. Griffin, 659 F.2d 932, 939-41 (9th Cir. 1981).

**Regarding Waiver Forms, Translations, and Recordings:**

The defense hereby requests the government to produce copies of any warnings given to him relating to his rights under Miranda v. Arizona, 384 U.S. 439 (1966) and all audio or video recordings of any statements made by him.

**(2) The Defendant's Prior Record** - Evidence of the defendant's prior criminal record is discoverable under Fed. R. Crim. P. 16(a)(1)(B).

**(3) Documents and Tangible Objects** - The defendant requests, under FRCrP 16(a)(1)(C), the opportunity to inspect and copy, or photograph, as well as test, if necessary, all books, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant.

4

**Specifically, the <u>defense requests to inspect, copy, and photograph the following items</u>:**

1) Color photos of all individuals detained in relation to the incidents alleged in the indictment with the corresponding names of the person and the number used when it was shown for identification purposes;

2) Any personal papers, objects or clothing found on or attributed to the defendant or any co-defendant, co-conspirator, or witness, including water bottles, food, backpacks, immigration papers, or weapons;

3) Any cellular telephones or walkie-talkies found on the persons or among the effects of any co-defendant, co-conspirator, or witness, including the phone's memory and records taken from the memory or the subscriber's account;

4) Any photos or videos taken of the areas where the incidents took place or individuals were detained.

**(4) Reports of Scientific Tests or Examinations** – Pursuant to Fed. R. Crim. P. 16(a)(1)(D), Mr. Cabanas-Gomez requests the opportunity to inspect and copy, or photograph, as well as test, if necessary, all reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof in this case which are material to the defense or intended for use in the government's case-in-chief.

**(5) Expert Witness Testimony** - Pursuant to Fed. R. Crim. P. 16(a)(1)(E), Mr. Cabanas-Gomez hereby requests a written summary of testimony the

government intends to use under Fed. R. Evid. Sections 702, 703 or 705 during its case-in-chief at trial. A written summary of testimony is defined in this rule as a description of the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

**(6) Brady Material** – pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the defendant requests all documents, statements, agent's reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which effects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). *(See also the specific list of requests in Item #7, infra.).*

**The True Names and Location/Address of Ivan Cervantes-Lavariega *aka* Ivan Cervantes-Cervantes and the Minor detained as a Co-conspirator** – should be provided, under protective order if the government so moves, so that the defense attorney may interview them with an interpreter and investigator to independently determine if they can identify the defendant or other persons or if they possess information that may be exculpatory or tend to support a defense at trial.

**(7) Any Proposed FRE 404(b)** - Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b). In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ."

of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given well in advance of trial in order to give the defense time to adequately investigate and prepare for trial.

**Prior Detentions** - This request includes reports and records of previous occasions when the defendants or smuggled persons were detained by Border Patrol or government agents for illegal entry or smuggling offenses.

**(8) Jencks Act Material** - The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch or surveillance tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial. Furthermore, all memorialized and video or audio taped statements of any witnesses should be produced well in advance of trial so that they may be reviewed, translated, if required, transcripts prepared, and meaningful witness interviews conducted.

**(9) Evidence of Bias or Motive to Lie** - The defendant requests any evidence that any prospective government witness is biased or prejudiced against

the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

**(10) Giglio Material** - The defense requests all statements, promises, and threats, express or implied, made to any government witness, including any material witnesses or informants, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of such witnesses. Giglio v. United States, 405 U.S. 150 (1972).

**(11) Evidence of a Criminal Investigation of Any Government Witness –** The defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2nd Cir. 1985).

**(12) Government Examination of Law Enforcement Personnel Files -** Mr. Cabanas-Gomez requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting a confidential informant involved in this case. Mr. Cabanas-Gomez requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).

**B.  THE DEFENDANT MOVES THE COURT FOR LEAVE TO FILE FURTHER MOTIONS.**

The government has provided the defendant with initial discovery. The defendant will be reviewing that discovery and has requested additional items in the Motion to Compel Discovery, *supra*. The parties also expect to discuss a possible disposition. The defendant hereby moves the Court for leave to file further motions based on his review of discovery received and additional discovery yet provided, including motions to suppress evidence and statements.

### III.
### CONCLUSION

For the foregoing reasons, Mr. Cabanas-Gomez respectfully requests the Court to grant his motions.

Respectfully submitted,

Dated: August 28, 2008

s/Kenneth J. Troiano
Kenneth J. Troiano
Attorney for Defendant
SALVADOR CABANAS-GOMEZ